# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| STEPHEN E. JONES and DOYLE CLARK, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 03-0284-CV-W-GAF<br>) |
| UNITED PARCEL SERVICE, INC., and LOCAL 41 OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## ORDER

This Court has previously entered an order to show cause (Doc. 508) why sanctions should not be imposed upon Thomas R. Buchanan, counsel for Plaintiffs, as a penalty for the numerous and atrocious violations of Rule 11 of the Federal Rules of Civil Procedure relating to the authorship of Plaintiffs' Memoranda in Opposition to Defendants' Motions for Summary Judgment (Doc. 373). After affording Mr. Buchanan an opportunity to respond to the order to show cause, this Court finds for the following reasons that sanctions should be imposed.

The document that is the subject of these sanctions, Document 373, was filed on behalf of the plaintiffs, Doyle Clark ("Clark") and Stephen E. Jones ("Jones")(collectively as "Plaintiffs"), by Mr. Buchanan as suggestions in opposition to three separate motions for summary judgment submitted by the two defendants in this case, United Parcel Service, Inc. ("UPS") and Local 41 of the International Brotherhood of Teamsters ("Local 41")(collectively as "Defendants"). Local 41 filed one motion (Doc.

1

310) and suggestions in support (Doc. 312) which were directed at the claims of both Plaintiffs. UPS filed two motions each with suggestions in support which were directed separately at the claims of Clark (Doc. 318 & 320) and Jones (Docs. 319 & 321). In opposition to these motions, Mr. Buchanan submitted Document 373, Plaintiffs' Memoranda in Opposition to Defendants' Motions for Summary Judgment, which totaled 480 pages. In ruling on the motions for summary judgment, this Court found that certain portions of Document 373, namely Plaintiffs' 948 paragraph Fact Statement and Responses to defendants' statements of uncontroverted fact, were noncompliant with the Local Rules of this Court and the Federal Rules of Civil Procedure. (Doc. 506 at p. 7). Additionally, this Court concluded that many factual assertions made in those portions of Document 373 contained misstatements, misrepresentations, and mischaracterizations of the evidence and the record. (Doc. 506 at pp. 2-7). After granting all three of the motions for summary judgment submitted by defendants UPS and Local 41, this Court ordered Mr. Buchanan to show cause why sanctions should not be imposed as a penalty for what this Court concluded were numerous and atrocious violations of Rule 11 of the Federal Rules of Civil Procedure.

The Federal Rules of Civil Procedure contemplate "the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Attorneys have the an obligation to the Court "to refrain from conduct that frustrates" those aims. Fed. R. Civ. P. 11, Advisory Committee Note to 1993 Amendments. As a result, Rule 11 of the Federal Rules of Civil Procedure requires that by making a representation to the Court in the form of a "pleading, written motion, or other paper" an attorney is certifying that it "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Civ. P. 11(b)(1). Moreover, the Rule provides that "allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have

2

evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). The Rule further states that denials of factual contentions must be "warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief." Fed. R. Civ. P. 11(b)(4).

The imposition of sanctions pursuant to Rule 11 rests squarely within the sound discretion of the district court. MHC Investment Co. v. Racom Corp., 323 F.3d 620, 624 (8th Cir. 2003). Further, district courts are given great deference in determining the propriety of sanctions due to their residence on "the front lines of litigation", a position which affords a unique and apt vantage point from which to make such determinations. MHC, 323 F.3d at 624. The Eighth Circuit has stated that the standard for imposing sanctions under Rule 11 is "whether the attorney's conduct 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" Perkins v. General Motors Corp., 911 F.2d 22, 36 (8th Cir. 1990)(quoting Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987)). "The person signing, filing, submitting, or advocating a document has a nondelegable responsibility to the court, and, in most situations is the person to be sanctioned for a violation." Fed. R. Civ. P. 11, Advisory Committee Note to 1993 Amendments, Subdivisions (b) and (c).

This Court, in its order to show cause, directed Mr. Buchanan to account for the many iniquities contained in Document 373, which he had signed and presented to this Court for consideration. The Court found several violations of the Local Rules and the Federal Rules of Civil Procedure which were outlined in its order granting summary judgment in favor of the defendants (Doc. 506) and cross-referenced in the order to show cause. In concluding that Document 373 was dilatory, mendacious, overly burdensome, and unprofessional, this Court set forth six examples of misstatements and mischaracterizations in an attempt

to demonstrate the fundamental shortcomings of the extremely lengthy document. Rather than accounting for the greater issues raised by the Court, Mr. Buchanan's response has merely attempted to explain away the examples cited by the Court as regrettable and unintended mistakes.

It appears that Mr. Buchanan believes that the six examples cited by the Court comprise an exclusive list of the items identified specifically enough to be sanctionable. In fact, he has requested that the Court list with specificity the other items on which the Court intends to base sanctions so that he might have the opportunity to respond with explanation to each and every item. Implied in this request is the position that this Court may only base its sanctions upon the six instances specifically enumerated. Those items, however, were clearly set forth to exemplify similar conduct that occured throughout the extremely large document on occasions far too numerous to list. The clear intention of this Court in offering those six examples was to provide an outline of the objectionable conduct contained in Document 373 as a whole and not to supply an exclusive list of sanctionable actions. (Doc. 506 at pp. 3, 5).

The Court is confident in basing the imposition of Rule 11 sanctions upon the whole of Document 373, as illustrated in the order granting summary judgment and referenced in the order to show cause. While *sua sponte* sanctions require that notice be given of the specific conduct that appears to violate Rule 11, this requirement does not place upon the Court the burden of listing each and every transgression contained within 480 pages of Document 373. Indeed, as the Eighth Circuit has upheld the imposition of sanctions based upon the full record of a case, the notice provided by the Court in the order on summary judgment and the order show cause with regard to Document 373 is more than sufficient to satisfy the preference of this jurisdiction that fair notice for the imposition of Rule 11 sanctions be provided by the identification of a specific pleading or document. *See* Lupo v. R. Rowland and Co., 857 F.2d 482, 485

4

(8th Cir. 1988). The conduct specified as the basis for sanctions was indeed the very nature and tenor of the Document 373 as a whole, which, as stated earlier, was found by this Court to be mendacious, dilatory, and unprofessional.

Additionally, Mr. Buchanan has asserted that his brief's excessive length was not a specified basis for Rule 11 sanction. (Doc. 518 at p. 9 note 8). Notwithstanding Mr. Buchanan's contention, the length of the document not only played a major role in this Court's decision to enter the order to show cause, but was also specifically enumerated as a significant iniquity of Document 373. In fact, in its order granting summary judgment in favor of the defendants on the claims of Doyle Clark, which was incorporated by cross-reference into the order to show cause, this Court concluded that many portions of that document, including numerous attempts to controvert the Plaintiffs' sworn deposition testimony, "were created for the sole purpose of causing unnecessary delay and a needless increase in the cost of litigation." (Doc. 506 at p. 6).

While this Court in no way contends that length alone is a sufficient basis for sanctions under Rule 11, the length of the document, 480 pages and 948 paragraphs of Fact Statement, when coupled with numerous misstatements and mischaracterizations of the record becomes unduly burdensome. The tactics employed in Document 373 rely upon neither the trustworthiness of the factual assertions nor the quality of the arguments, but upon the sheer volume of material impressed upon the opposing parties and the Court. It is the opinion of this Court that Document 373 represents a form litigation by attrition, wherein the practitioner's intent was to force the opposition either to yield to its position or be crushed under a great weight of misstated factual assertions and drowned in a sea of bombast. Consequently, the oppressive size combined with the overall untrustworthy nature of the document had a cumulative effect which this Court

5

found to be "repugnant to the very concept of judicial economy." (Doc. 506 at p. 2).

When placed in this context, Mr. Buchanan's attempt to pass over the issue of length is extremely disingenuous considering that the majority of the Defendants' briefing was in direct response to the monstrous proportions of Document 373. Indeed, some of the apologetics contained in the response to the order to show cause (Doc. 518) and the oppositions to the defendants' motions for attorney's fees (Docs. 525 and 531) attempt to justify the length of Document 373 by comparing it to the combined length of the Defendants' briefing. This ill-conceived argument completely ignores the fact that the majority of the briefing by UPS and Local 41 on their motions for summary judgment was engendered by the impropriety of Document 373. Mr. Buchanon asserts that while his brief "was long (480 pages) . . . defendants' summary judgment motions and replies were longer (837 pages, including 577 fact contentions)." (Doc. 525 p. 1). The Court finds this comparison to be irrelevant considering that, of the roughly 850 pages constituting the defendants combined briefing on summary judgment (Docs. 312, 320, 321, 426, and 429), almost 600 pages were devoted to responding to Document 373.

After reviewing the record and the memorandum in response to the order to show cause, this Court concludes that Mr. Buchanan violated Rule 11 of the Federal Rules of Civil Procedure by egregiously misstating and mischaracterzing the record on numerous occasions in Document 373. Additionally, portions of that document have been found by this Court to have been created for the sole purpose of causing unnecessary delay and a needless increase in the cost of litigation. As such, pursuant to Rule 11, this Court finds that sanctions are appropriate as penalty and in order to deter future repetitive conduct. In considering an appropriate amount of Rule 11 sanctions the Court takes into consideration the award of attorneys' fees pursuant to 28 U.S.C. §1927 assessed against Thomas R. Buchanan in Document 535.

6

Accordingly, it is hereby ORDERED that Thomas R. Buchanan pay into the Court as a penalty for his conduct the amount of $1,000.00.

**IT IS SO ORDERED**.

/s/ Gary A. Fenner<br>GARY A. FENNER, JUDGE<br>United States District Court

DATED: July 19, 2005