IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STEPHEN E. JONES and ) | |
| DOYLE CLARK, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 03-0284-CV-W-GAF |
| ) | |
| UNITED PARCEL SERVICE, INC., and ) | |
| LOCAL 41 OF THE INTERNATIONAL ) | |
| BROTHERHOOD OF TEAMSTERS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Presently before this Court are motions (Docs. 513 and 523) for reimbursement of attorneys' fees from Thomas R. Buchanan, counsel for Plaintiffs, pursuant to 28 U.S.C. § 1927 submitted by Defendant United Parcel Service, Inc. ("UPS") and Local 41 of the International Brotherhood of Teamsters ("Local 41")(collectively as "Defendants"). Defendants claim that they were required to incur excess attorneys' fees in the course of responding to Plaintiffs' Memoranda in Opposition to Defendants' Motions for Summary Judgment (Doc. 373). Mr. Buchanan has opposed this motion. This Court, on its own motion, has already found Document 373 to be violative of Rule 11 of the Federal Rules of Civil Procedure and sanctioned Mr. Buchanan accordingly. For the following reasons, Defendants' motions for attorneys' fees are GRANTED.

Section 1927 of Title 28 provides that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" may be sanctioned by being "required by the court to satisfy personally the

1

excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. §1927. Eighth Circuit courts interpreting 28 U.S.C. §1927 have held that sanctions thereunder may be imposed "when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Lee v. First Lenders Insurance Services, Inc., 236 F.2d 443 (8th Cir. 2001) *quoting* Lee v. L.B. Sales, Inc., 177 F.3d 714, 719 (8th Cir. 1999). "If the attorney conducts the litigation in such a manner that unnecessarily and vexatiously escalates costs, sanctions may be imposed under section 1927." Lupo v. Rowland and Co., 857 F.2d 482, 486 (8th Cir. 1988).

Mr. Buchanan contends that the Defendants have not met the standard required for Section 1927 sanctions, which he asserts contains both objective and subjective components. This Court disagrees. While, in this jurisdiction, the question of whether Section 1927 contains only an objective component arguably remains an open issue, the standard for sanctions under Section 1927 has long been articulated as "when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." First Lenders, 236 F.2d at 445. Based upon the iniquities present in Document 373 as detailed in the order on summary judgment, the order to show cause, and the order imposing Rule 11 sanctions (Docs. 506, 508, and 534), this Court can only conclude that Mr. Buchanan's conduct is sanctionable pursuant to Section 1927 under both the objective standard that has been articulated by the Eighth Circuit and the more stringent subjective standard which Mr. Buchanan now urges the Court to apply.

First, this Court finds that the conduct exhibited in Document 373 clearly satisfies the objective standard set forth by the Eighth Circuit. In its various orders detailing the shortcomings of Document 373, this Court commented in detail concerning not only the oppressive size of the suggestions, which spanned

2

a monumental 480 pages, but also recounted the general untrustworthy nature of the document. (Docs. 506, 508, and 534). Additionally, certain portions were set forth in a manner which this Court found to be completely inconsistent with and violative of the Local Rules and the Federal Rules of Civil Procedure. (Doc. 506). Mr. Buchanan's conduct with regard to Document 373, at the very least, constitutes a reckless disregard for his duty to conduct himself in a manner that promotes the just, speedy, and inexpensive determination of the case at issue. Further, as set forth in the order imposing sanctions under Rule 11, certain portions of Document 373 were, in the opinion of this Court, fashioned intentionally to delay the proceedings and, by their sheer size and mendacious nature, to inhibit meaningful response by opposing counsel. As such, this Court concludes that Mr. Buchanan's conduct satisfies the objective requirement of Section 1927.

Second, this Court remains unconvinced of Mr. Buchanan's contention that the Section 1927 standard in this jurisdiction contains a subjective requirement. By his own admission, the case law regarding this issue in the Eighth Circuit is unclear. *See* Doc. 525, (citing Schaffhausen v. Bank of America, 2004 WL 234400, *1 (D. Minn. Feb. 2, 2004)). This jurisdiction has indicated that the language of Section 1927 "appears to require both a finding of objectively unreasonable behavior and a finding of bad faith." NAACP v. Atkins, 908 F.2d 336, 340 (8th Cir. 1990). Beyond this cursory notation, however, the Eighth Circuit has forgone explicitly holding such sanctions to require a finding of subjective bad faith. Indeed, in subsequent decisions regarding the standard for the imposition of Section 1927 sanctions, the Eighth Circuit has always articulated the standard as requiring the attorney's conduct be "viewed objectively" in order to determine whether it manifests "either intentional or reckless disregard of the attorney's duties to the court." Perkins v. Spivey, 911 F.2d 22, 36 (8th Cir. 1990); First Lenders, 236 F.2d at 445; L.B. Sales,

3

Inc., 177 F.3d at 718. As stated above, Mr. Buchanan's behavior was a sound display of reckless behavior with regard to the Local Rules and the Federal Rules of Civil Procedure. Furthermore, it is the opinion of this Court that Mr. Buchanan's intent in opposing summary judgment with Document 373 was not to defend the case on the merits, but to survive summary judgment by inundating the parties and the Court with pages upon pages of information that was largely irrelevant and inadmissible.

Notwithstanding Mr. Buchanan's contentions, this Court can only conclude based on its earlier findings that the conduct exhibited in this case would easily satisfy a subjective, bad-faith component if Section 1927 were to require such a finding. As detailed in the order imposing sanctions under Rule 11 as well as the order on summary judgement with regard to Plaintiff Clark's claims, this Court has found that portions of this document "were created for the sole purpose of causing unnecessary delay and a needless increase in the cost of litigation." (Docs. 506 at p. 6 and 534 at p. 5). Accordingly, this Court finds that those very same portions of Document 373 unreasonably and vexatiously multiplied the proceedings in this case in violation of Section 1927.

With regard to the amount of fees recoverable pursuant to Section 1927, the Court has discretion in isolating the expenses reasonably incurred by the parties as a result of the improper conduct. Tenkku v. Normandy Bank, 348 F.3d 737, 744 (8th Cir. 2003). Moreover, this is not an exercise that requires great precision. Id. Again, the award of attorneys' fees under Section 1927 is within the discretion of the Court. First Lenders, 236 F.3d at 445.

In its motion, UPS contends that it incurred $190,092.00 in fees in responding to Document 373. That amount is derived from the 1,043 hours billed by its attorneys multiplied by the various rates of the attorneys that worked on the response, which range from $150.00 to $285.00 per hour. UPS contends

4

that one fourth of that total amount is attributable to the objectionable and inappropriate portions of Plaintiffs' briefing and requests that a total of $47,523.00 in attorneys' fees be reimbursed. In contrast to the team of attorneys employed by UPS, Local 41 employed the services of only one attorney, G. Gordon Atcheson, in preparing its response to Document 373. According to Local 41, Mr. Atcheson spent a total of 173 hours on the response at an hourly rate of $140 per hour. Thus, the total amount billed to Local 41 for the response to Document 373 was $24,220.00. Of that amount, Local 41 estimates that 65 percent of the legal fees can be attributed to Mr. Buchanan's improper conduct and asks that fees be reimbursed in an amount of $15,400.00.

While UPS and Local 41 should receive some compensation for having to respond to portions of a filing that have been deemed to be improper and unreasonable, the Court finds that the amount requested does not reflect a true assessment of the costs incurred due to Mr. Buchanan's inappropriate conduct. For instance, UPS has included in its submission for reimbursement of attorneys' fees the time that it was billed for the preparation of seven motions to strike improper declarations submitted with Plaintiffs' opposition to summary judgment. (Exhibit A to Doc. 524 at ¶ 11). While no doubt engendered by the filing of Document 373, this Court considers these motions to strike to be outside the scope of fees which Section 1927 contemplates as reasonably incurred. Additionally, while Local 41's estimate is more in line with what this Court would conclude to be fees reasonably incurred due to the impropriety of Document 373, it is the opinion of this Court that the percentage tendered by Local 41 (65%) is excessive. As a result, in its discretion, this Court finds that the amount of $10,000.00 per defendant, which is roughly 41% of the $24,220.00 that Local 41 has represented that it incurred and which this Court considers to be a more sensible estimate of fees reasonably incurred by the Defendants due to Mr. Buchanan's improper conduct

5

with regard to Document 373.

Having concluded that Mr. Buchanan unreasonably and vexatiously multiplied these proceedings by filing Document 373 in the manner in which it was filed, this Court finds that he is subject to sanctions requiring him to reimburse excess costs, expenses, and attorneys' fees to the Defendants pursuant to 28 U.S.C. § 1927. Accordingly, based upon a review the arguments submitted by the parties on this matter as well as this Court's familiarity with the document that is the subject of these sanctions it is hereby ORDERED that Thomas R. Buchanan reimburse UPS and Local 41 the amount of $10,000.00 each for reasonable attorneys' fees incurred due to the vexatious, unreasonable, and improper filing of Document 373.

**IT IS SO ORDERED**.

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: July 19, 2005